UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 17-2795 (MJD/KMM) |
| This Document Relates to<br>Civil File No. 18-296 (MJD/KMM)<br>Civil File No. 18-297 (MJD/KMM)<br>Civil File No. 18-298 (MJD/KMM)<br>Civil File No. 18-299 (MJD/KMM) | **MEMORANDUM OF LAW & ORDER** |

John Browne and Michael D. Blatchley, Bernstein Litowitz Berger & Grossmann LLP; and Keith S. Dubanevich, Timothy S. DeJong, and Keil M. Mueller, Stoll Stoll Berne Lokting & Shlachter P.C., Special Assistant Attorneys General and Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund, and Lead Counsel for the Class; and Richard A. Lockridge, Gregg M. Fishbein, and Kate M. Baxter-Kauf, Lockridge Grindal Nauen P.L.L.P., Local Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund.

William B. Federman, Federman & Sherwood, and Gregg M. Corwin, Gregg M. Corwin & Associate Law Office, PC, Counsel for Inter-Marketing Group USA, Inc.

## I.    INTRODUCTION

This matter is before the Court on Motion of Lead Plaintiff Oregon for

Consolidation of Related Action (MDL [Docket No. 53]) and Motion of Inter-

1

Marketing Group USA, Inc. for Appointment as Lead Plaintiff and Approval of Lead Counsel (MDL [Docket No. 46]).  The Court heard oral argument on April 17, 2018.

## II.   BACKGROUND

As alleged in Plaintiffs' complaints:

On Friday, June 16, 2017, Bloomberg reported that a former CenturyLink, Inc. ("CenturyLink) sales representative, Heidi Heiser, had filed a lawsuit against CenturyLink in Arizona state court because she was "fired for blowing the whistle on the telecommunications company's high-pressure sales culture that left customers paying millions of dollars for accounts they didn't request." (Craig, Civil File No. 18-296 [Docket No. 1] Compl. ¶ 45; IMG, Civil File No. 18-299 [Docket No. 1] Compl. ¶ 5.)  The whistleblower alleged that CenturyLink engaged in systemic misconduct by signing up and charging customers for services that they did not request and that she was "fired days after notifying Chief Executive Officer Glen Post of the alleged scheme."  (Craig Compl. ¶ 45; IMG Compl. ¶ 5.)  CenturyLink's stock dropped 4.5% from June 15, 2017 to June 16, 2017.  (Craig Compl. ¶ 46.)

On Monday, June 19, 2017, Bloomberg reported that a consumer class action complaint had been filed against CenturyLink based on the whistleblower

2

complaint alleging fraud, unfair competition, and unjust enrichment and seeking damages up to $12 billion.  (Craig Compl. ¶ 47; IMG Compl. ¶ 6.)  CenturyLink stock dropped another $0.36 on June 19, 2017.  (Scott, Civil File No. 18-297 [Docket No. 1] Compl. ¶ 86.)  CenturyLink's 7.60% Senior Notes dropped 6%. (IMG Compl. ¶ 7.)

### A.   Procedural History

In February 2018, the Judicial Panel on Multidistrict Litigation transferred four federal securities actions to this Court for inclusion in MDL No. 2795: Craig v. CenturyLink, Inc., Civil File No. 18-296 (MJD/KMM); Scott v. CenturyLink Inc., Civil File No. 18-297 (MJD/KMM); Thummeti v. CenturyLink, Inc., Civil File No. 18-298 (MJD/KMM); and Inter-Marketing Group USA Inc. v. CenturyLink, Inc., Civil File No. 18-299 (MJD/KMM).  At the time of the transfer, there were several outstanding motions.

### 1.   Thummeti Complaint

On June 21, 2017, the first securities class action lawsuit based on revelation of the whistleblower's allegations, Thummeti, was filed in the Southern District of New York, on behalf of "all persons . . . who purchased or otherwise acquired CenturyLink securities between February 27, 2014 and June

3

15, 2017." (Thummeti [Docket No. 1] Compl. ¶ 1].) Also on June 21, the Thummeti plaintiff published a notice of pendency on Globe Newswire telling investors "who purchased CenturyLink securities" that the deadline to seek appointment as Lead Plaintiff was August 21, 2017. (Craig [Docket No. 28-5] Sartor Decl., Ex. C.)

### 2. Craig Complaint

On June 22, the Craig securities class action was filed against CenturyLink in the Southern District of New York "on behalf of all individuals and entities who purchased or otherwise acquired CenturyLink common stock on the public market during the Class Period." (Craig [Docket No. 1] Compl. ¶ 57.) The Class Period was March 1, 2013, to June 16, 2017. (Id. ¶ 1.)

On August 8, based on the parties' stipulation, the Craig case was transferred to the Western District of Louisiana. (Craig [Docket No. 8].) On August 16, based on the parties' stipulation, the Thummeti case was also transferred to the Western District of Louisiana. (Thummeti [Docket No. 7].)

### 3. Scott Complaint

On August 15, the Scott case was filed in the Western District of Louisiana against CenturyLink "on behalf of all persons and entities who purchased or

otherwise acquired CenturyLink securities between March 1, 2013 and June 19, 2017." (Scott [Docket No. 1] Compl. ¶ 1.) On August 15, a notice of pendency of the Scott action was published in Business Wire alerting investors "who purchased CenturyLink shares between March 1, 2013 and June 19, 2017" that the deadline to move for appointment as Lead Plaintiff was August 21, 2017. (Craig [Docket No. 28-6] Sartor Decl., Ex. D.) At least 10 notices were published alerting investors in all CenturyLink "securities" of the need to file a motion seeking Lead Plaintiff appointment by August 21, 2017. (IMG [Docket No. 29-4] Blatchley Decl., Ex. D.)

### 4. First Motion to Consolidate and for Lead Plaintiff

On August 21, 2017, Plaintiffs the State of Oregon ("Oregon"), KBC Asset Management NV ("KBC"), and other groups of investors filed motions seeking consolidation of the securities class actions against CenturyLink and appointment as Lead Plaintiff. (See, e.g., Craig [Docket No. 25] KBC Motion for Appointment; [Docket No. 26] Detroit Institutional Investor Group Motion for Appointment; [Docket No. 28] Oregon Motion for Appointment.) The movants described the class as encompassing purchasers or acquirers of "CenturyLink securities." (See, e.g., Craig [Docket No. 25-1] KBC Brief at 4; [Docket No. 26-1]

5

Detroit Institutional Investor Group Brief at 2.)  Oregon included its trading in two CenturyLink bonds (the 5.625% Bonds and the 6.875% Bonds) in the certification attached to its motion.  (Craig [Docket No. 28-3], Sartor Decl., Ex. A.) Another movant, KBC, stated that the "class in the Related Actions consists of all persons who purchased or otherwise acquired CenturyLink securities, including common stock and notes, during the Class Period."  (Craig [Docket No. 44] KBC Brief at 6.)

On October 19, 2017, the District Court for the Western District of Louisiana granted the four potential lead plaintiffs' motions to consolidate the Craig, Scott, and Thummeti cases.  (See Craig [Docket No. 79].)  On October 20, the court issued an Order appointing Oregon as Lead Plaintiff in the consolidated cases and denying the competing motions to be appointed Lead Plaintiff.  (See Craig [Docket No. 80].)

### 5. IMG Complaint

On October 25, 2017, Plaintiff Inter-Marketing Group USA, Inc. ("IMG") filed a class action securities complaint against CenturyLink in the Southern District of New York.  The IMG Complaint asserts securities claims on behalf of investors in a single CenturyLink security, the CenturyLink 7.60% Senior Notes,

6

Series P, due 2039 ("7.60% Senior Notes"), that acquired or purchased the notes during the period March 1, 2013, through June 19, 2017.  (IMG [Docket No. 1] Compl. ¶ 1.)  The IMG Complaint asserts the same misconduct against the same defendants (CenturyLink, Glen F. Post, III; R. Steward Ewing, Jr.; and David D. Cole) during the same time period and violating the same federal statutes as the previously consolidated complaints.  IMG asserts that, when the truth about CenturyLink's operations was disclosed in the June 16, 2017, and June 19, 2017, Bloomberg articles, the price of CenturyLink's 7.60% Senior Notes dropped 6% from the last trading day to June 19, 2017.  (Id. ¶¶ 5-7.)

On October 25, 2017, IMG issued a notice stating that "[t]he class action was filed on behalf of purchasers of CenturyLink's 7.60% Senior Notes, Series P, due 2039," and that the deadline to move to be appointed Lead Plaintiff was December 26, 2017.  (MDL [Docket No. 48-1] Federman Aff., Ex. A.)

On December 12, 2017, Oregon filed a Motion to Intervene in the IMG case in order to request that the court strike the Lead Plaintiff deadline IMG purported to establish and to require publication of a corrected notice explaining that the deadline to move for Lead Plaintiff appointment had already expired.  (IMG [Docket No. 27].)  Oregon has withdrawn its motion to intervene as moot

because IMG was the only investor to file a motion seeking Lead Plaintiff appointment in IMG based on the notice published by IMG's counsel.

On December 13, 2017, Defendants' motion to transfer was granted, and the IMG case was transferred to the Western District of Louisiana. (IMG [Docket Nos. 30-31].)

On December 21, Oregon filed a Motion for Consolidation of Related Action, seeking to consolidate the IMG case with the consolidated actions. (Craig [Docket No. 95].) On December 26, 2017, IMG filed a Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel in the IMG case. (IMG [Docket No. 36].) On February 8, 2018, this Court ordered the parties to rebrief their motions under Eighth Circuit case law.

### III.  DISCUSSION

#### A.  Applicable Legal Standards

##### 1.  Standard for Consolidation

The Private Securities Litigation Reform Act ("PSLRA") provides that the Court must consider any motion for consolidation if "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Such motion must be decided before the Court appoints the lead plaintiff.

Federal Rule of Civil Procedure 42(a) provides that the Court may consolidate actions if they "involve a common question of law or fact."

> All claims and issues sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay, and consolidation should be upheld unless there has been a clear abuse of discretion. Consolidation is inappropriate, however, if it leads to inefficiency, inconvenience, or unfair prejudice to a party.

E.E.O.C. v. HBE Corp., 135 F.3d 543, 550–51 (8th Cir. 1998) (citations omitted).

### 2.  Standard for Appointment of Lead Plaintiff

"As soon as practicable after" the Court has decided the motion to consolidate, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The "most adequate plaintiff" is "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides that the Court shall presume

> that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
>> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>>
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

9

>> (cc) otherwise satisfies the requirements of Rule 23 of the
>> Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption

> may be rebutted only upon proof by a member of the purported
> plaintiff class that the presumptively most adequate plaintiff--
>
>> (aa) will not fairly and adequately protect the interests of the
>> class; or
>>
>> (bb) is subject to unique defenses that render such plaintiff
>> incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B. Consolidation

Consolidation is appropriate in this case.  The IMG case is virtually identical to the already consolidated cases.  It asserts the same legal theories against the same defendants for the same class period based on the same fraud.

#### 1. Noteholders' Inclusion in the Consolidated Actions

The sole difference between the cases is that IMG only asserts claims on behalf of holders of CenturyLink's 7.60% Senior Notes, while the consolidated actions assert claims on behalf of investors in all "CenturyLink securities." However, the PSLRA's definition of "security" is broad enough to encompass notes, because the PSLRA's "definition of 'security' [is] sufficiently broad to

encompass virtually any instrument that might be sold as an investment." Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc., 198 F.3d 685, 698 (8th Cir. 1999) (citation omitted).  See also Reves v. Ernst & Young, 494 U.S. 56, 67 (1990) (holding that, under securities law, "[a] note is presumed to be a 'security'"). Thus, the noteholders' claims were already encompassed within the consolidated actions.  Moreover, the weight of the case law is that securities cases should be consolidated under a single lead plaintiff even when the cases involve different types of securities.  See, e.g., In re Global Crossing, Ltd. Sec. Litig., 313 F. Supp. 2d 189, 204–05 (S.D.N.Y. 2003); Aronson v. McKesson HBOC, Inc., 79 F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999).

If the matters were not consolidated, there would be a risk of inconsistent or conflicting rulings regarding Defendants' liability and class members' recoverable damages.  Consolidation will result in substantial judicial economy and avoid the inconvenience, expense, and prejudice from having the parties litigate two identical class actions.  See Kops v. NVE Corp., No. CIV.06-574(MJD/JJG), 2006 WL 2035508, at *2 (D. Minn. July 19, 2006).

### 2. Potential Prejudice from Consolidation

There is no evidence that consolidation would prejudice IMG or other noteholders. First, there is no requirement that the lead plaintiff in consolidated PSLRA securities actions have standing to assert every claim of every class member. See, e.g., In re Nw. Corp. Sec. Litig., 299 F. Supp. 2d 997, 1007 (D.S.D. 2003). Additionally, "courts have repeatedly concluded that stock purchasers can represent purchasers of debt instruments." In re Enron Corp. Sec. Litig., 206 F.R.D. 427, 455 (S.D. Tex. 2002).

The PSRLA intended to centralize decision-making into the hands of one lead plaintiff or plaintiffs' group in order to avoid waste and empower investors. See Hevesi v. Citigroup Inc., 366 F.3d 70, 83 n.13 (2d Cir. 2004). Requiring a separate lead plaintiff for every type of security would contradict these purposes. Id. In turn, the lead plaintiff has the responsibility to "identify and include named plaintiffs who have standing to represent . . . purchasers of different categories of securities" that may be impacted. Global Crossing, 313 F. Supp. 2d at 205. Here, Oregon has already identified a plaintiff who purchased the 7.60% Senior Notes and who will be included as a named plaintiff in the consolidated complaint. Thus, standing is not a barrier to consolidating the cases and allowing Oregon to remain as Lead Plaintiff.

Second, there is no evidence that Oregon has a conflict of interest with noteholders, particularly given that it has identified an investor in the 7.60% Senior Notes who suffered a loss and who will be included as a named plaintiff in the consolidated complaint. "[S]peculations about possible conflicts do not rebut the statutory presumption that one lead plaintiff can vigorously pursue <u>all</u> available causes of action against <u>all</u> possible defendants under <u>all</u> available legal theories." <u>Aronson</u>, 79 F. Supp. 2d at 1151 (footnote omitted).

### C.  Separate Lead Plaintiff

The Court denies IMG's alternative request to appoint separate bond and stock lead plaintiffs in a consolidated action. Appointing two rival lead plaintiffs, particularly when one (Oregon) suffered exponentially greater losses than the other (IMG), would lead to "undermining the goal of a cohesive leadership and management group." <u>In re Global Crossing, Ltd. Sec. Litig.</u>, 313 F. Supp. 2d at 204. It would also drive up the cost of litigation. The few cases that IMG cites in which a district court appointed separate lead plaintiffs are distinguishable because of the vast differences between the classes the lead plaintiffs sought to represent. Appointing different lead plaintiffs for stock versus debt holders is not called for, because "splintering the action or appointing multiple Lead Plaintiffs to represent specialized interests, especially

in light of the common facts and legal issues here, would undermine the purpose of the PSLRA." In re Enron Corp. Sec. Litig., 206 F.R.D. at 451.  Oregon has already identified an investor with standing to assert claims based on the 7.60% Senior Notes, and it will include that investor as a named plaintiff in the consolidated complaint it intends to file.  Thus, the interests of the class are fully protected and there is no need to appoint separate leadership to assert the claims that Oregon has already been appointed to pursue.

### D. IMG's Motion for Appointment as Lead Plaintiff and Approval of Lead Counsel

Because the Court has granted Oregon's motion to consolidate and denied IMG's request for multiple lead plaintiffs within the consolidated cases, IMG's own motion for appointment is moot.  The Court further notes that Oregon clearly has the larger financial interest, with claimed losses totaling more than $6 million, while IMG suffered an exponentially smaller loss of approximately $7,000.  (Craig [Docket No. 28-4] Sartor Decl., Ex. B; MDL [Docket No. 48-3] Federman Aff., Ex. C).)

Moreover, IMG's motion is time-barred because it was filed long after the August 21, 2017, deadline to file motions to be appointed Lead Plaintiff.  The PSLRA requires "that, not later than 60 days after the date on which the notice is

14

published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The first complaint filed, Thummeti, was filed on June 21, 2017, and, on that same date, notice was published. The deadline to file a motion to be appointed lead plaintiff in any case consolidated with Thummeti was August 21, 2017.

IMG's lead plaintiff motion was filed on December 26, 2017, more than 4 months after the August 21, 2017, deadline. The PSLRA has a strict deadline for filing lead plaintiff motions, stemming from Congress's intent "to have lead plaintiffs appointed as soon as practicable." Lax v. First Merchants Acceptance Corp., No. 97 C 2715, 1997 WL 461036, at *4 (N.D. Ill. Aug. 11, 1997) (footnote omitted). "The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action." In re Telxon Corp. Sec. Litig., 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999). The filing of a related action or publication of a new notice does not extend the deadline unless the new complaint asserts "entirely new factual and legal allegations against [defendants], as to separate transactions, affecting a new class of Plaintiffs." See, e.g., Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.,

15

No. 4:17-CV-00449, 2017 WL 3780164, at *3 (E.D. Tex. Aug. 31, 2017) (citations omitted).

IMG's complaint asserts no new claims and does not expand the class or class period. No new PSLRA notice was required based on IMG's complaint because the complaints and notices in the already consolidated cases gave notice of the same legal claims for the same class period for purchasers of all CenturyLink "securities," and "securities," by definition, includes CenturyLink notes. Complaints and notices in the consolidated cases clearly alerted investors that investors in "CenturyLink securities" had until August 21, 2017 to file a lead plaintiff motion. This is not like the cases cited by IMG in which the original notices noticed claims based on a specific subset of securities and the new complaint added new securities. Cf. Boilermakers Nat'l Annuity Trust Fund v. WaMu Mortg. Pass Through Certificates, Series 2006-AR1, No. C09-0037 MJP, 2009 WL 5170186, at *2 (W.D. Wash. Dec. 18, 2009). Because no new notice was required, the deadline to file a request to be Lead Plaintiff expired August 21, 2017, and IMG's motion is time-barred.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Motion of Lead Plaintiff Oregon for Consolidation of Related Action (MDL [Docket No. 53]) is **GRANTED**.

2. Motion of Inter-Marketing Group USA, Inc. for Appointment as Lead Plaintiff and Approval of Lead Counsel (MDL [Docket No. 46]) is **DENIED**.

3. Within three weeks of the date of this Order, Lead Plaintiff shall meet and confer with Defendant and shall submit a joint draft case management order, which shall include a proposed deadline for filing a consolidated complaint, for the parties' Rule 26(f) conference, and any other pertinent deadlines. The Court also directs Lead Plaintiff and Defendants to meet and confer with the leadership counsel for Plaintiffs and Defendant in the CenturyLink sales cases to propose a date for the next joint status conference.

Dated:  April 20, 2018                          s/ Michael J. Davis
                                                Michael J. Davis
                                                United States District Court